UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

       Plaintiff,

v.

JODIE NORMAN,

       Defendant.

Case No. 2:25-cv-10641
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

_____/

## ORDER TO DENY PLAINTIFF'S MOTION (ECF No. 15)

**A.**    **Background**

Frank John Richard is currently located at the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF). *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=601706 (last visited Sept. 8, 2025). On March 7, 2025, while located at DRF, Richard filed this lawsuit against sole Defendant Jodie Norman, who Plaintiff describes as an administrative aide and litigation coordinator at the MDOC's Saginaw Correctional Facility (SRF). (ECF No. 1, PageID.2, 5.) In sum, Plaintiff claims Norman denied him access to the courts in *In re: Frank John Richard*, Case No. 21-21287 (Bankr. E.D. Mich.),[1] in retaliation for naming her as a defendant "in another civil rights

---

[1] Richard filed a voluntary bankruptcy petition on December 7, 2021, his deadline for a financial management course was March 7, 2022, his case was reopened on

lawsuit[,]" namely, *Richard v. Winn, et al.*, Case No. 2:21-cv-12064-LVP-CI (E.D. Mich.). (ECF No. 1, PageID.7, 8.)

Plaintiff paid the filing fee, and the Clerk issued a summons on April 7, 2025 (ECF No. 5, 6); however, on April 8, 2025, the case was stayed and referred to the *Pro Se* Prisoner Early Mediation Program (ECF No. 7). A mediation conference was held on June 17, 2025, but no settlement was reached; thus, the stay was lifted (ECF No. 10).

### B.     Service upon Defendant

On July 8, 2025, the U.S. Marshal Service (USMS) attempted service upon Norman by mail to SRF. (ECF No. 12.) The waiver of the service of summons was returned to the Court in a timely fashion. (ECF No. 14.) Therefore, Plaintiff had sixty (60) days, *i.e.*, until Monday, September 8, 2025, by which to file an answer. *See* Fed. Rules Civ. P. 4(d)(3), 6(a)(1)(C).

On September 8, 2025, Norman appeared via counsel (ECF No. 16) and filed a demand for trial by jury (ECF No. 17).

### C.     Pending Motions

---

July 21, 2022, a show cause order issued on August 22, 2022, and there was a 341 meeting on August 30, 2022; however, Richard was dismissed on September 8, 2022 (for failure to file information), the petition seems to have been terminated on September 11, 2022, and the deadline for objecting to discharge was October 17, 2022. *See* Case No. 21-21287 (Bankr. E.D. Mich.). (*See also* ECF No. 1, PageID.18-19.)

2

Judge Hood has referred this case to me for pretrial matters. (ECF No. 13.) Currently pending before the Court is Plaintiff's "*ex parte* notice of failure to waive service by the Defendant and request for service upon the Defendant," which was signed and dated August 22, 2025, post-marked August 25, 2025, and filed September 4, 2025. (ECF No. 15.)

### D.     Discussion

Plaintiff's September 4, 2025 filing cites Fed. R. Civ. P. 4, but each of his requests is unavailing. First, likely referring to Fed. R. Civ. P. 4(d)(1)(F), Plaintiff contends that the deadline for Defendant's response to the request for waiver "expired on August 17, 2025[,]" (*id.*, PageID.56). However, the attached *Notice of a Lawsuit and Request to Waive Service of a Summons*, dated July 17, 2025 (ECF No. 15, PageID.58-59), which he claims he "used . . . for Waiver of Service," (*id.*, PageID.56), *post-dates* the USMS's above mentioned – and ultimately successful – July 8, 2025 attempt at service by mail (ECF No. 12).

Second, the imposition of expenses consistent with Fed. R. Civ. P. 4(d)(2) ("Failure to Waive.") is unwarranted, because Defendant did not fail to waive service of a summons.

Finally, there is no need for this Court to "order that service be made by [the USMS] or by a person specially appointed by the court[,]" Fed. R. Civ. P. 4(c)(3), because Defendant has already appeared in a timely fashion.

3

### E. Order

Accordingly, Plaintiff's September 4, 2025 motion (ECF No. 15) is

**DENIED**.

**IT IS SO ORDERED.**[2]

Dated: September 10, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4