UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD #601706,

Plaintiff,

v.

JODIE NORMAN,

Defendant.

_______________________________/

Case No. 2:25-cv-10641
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF No. 63) and DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE (ECF No. 66)**

Frank John Richard initiated this lawsuit in March 2025 against sole Defendant Jodie Norman. The Court's initial scheduling order set the deadline for motions to amend the pleadings for October 24, 2025, the discovery deadline for June 30, 2026, and the deadline for Rule 56 motions (other than failure to exhaust) for August 28, 2026 (ECF No. 20), although the parties later stipulated to extend the dispositive motion deadline to September 4, 2026 (ECF No. 46). Indeed, one of the motions currently pending before this Court is Defendant's September 4, 2026 motion for summary judgment (ECF No. 48), as to which Plaintiff has timely filed a response (ECF Nos. 51, 58) and Defendant has filed a reply (ECF No. 65).

Currently before the Court is Plaintiff's motion for leave to file a first amended complaint (ECF No. 63), which is dated September 21, 2026, post-marked September 22, 2026, and filed September 29, 2026.[1] Plaintiff focuses on the fact that Defendant "has yet to file an Answer or Reply to [his] instant [*i.e.*, original] complaint." (ECF No. 63, PageID.478.) Nonetheless, upon consideration, Plaintiff's motion (ECF No. 63) is **DENIED**, because: (1) it is late under the scheduling order (*see* ECF No. 20); (2) there is undue delay, *see Foman v. Davis*, 371 U.S. 178, 182 (1962); (3) Defendant was not required to file an answer, *see* 42 U.S.C. 1997e(g)(1) (under the Prisoner Litigation Reform Act, "[a]ny defendant may waive the right to reply to any action brought by a prisoner . . . under section 1983 . . . ."); (4) Plaintiff's motion does not make a showing under Fed. R. Civ. P. 6(b) for an extension of time (*see* ECF No. 63, PageID.478); and, (5) Defendant would be prejudiced by amendment at this juncture (*see Foman*, 371 U.S. at 182), considering her pending and fully-briefed motion for summary judgment (*see* ECF No. 48). Indeed, the Sixth Circuit has consistently held that motions to amend may be considered untimely and prejudicial in the absence of an explanation for the lapse in time between the original complaint and the proposed amendment, where (as here) discovery is

---

[1] Plaintiff has also notified the Court that his motion contains an erroneous attachment. (*See* ECF No. 68.)

already concluded, and where (as here) dispositive motions have either been filed or the deadline for filing them is fast approaching. *See Gunnels v. Kenny*, 700 F. App'x 478, 484 (6th Cir. 2017) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898-899 (6th Cir. 2006) and *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Accordingly, Defendant's October 13, 2026, motion to strike Plaintiff's motion (ECF No. 66) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**[2]

Date: October 20, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).